UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00598-GNS

GAIL MARIE PHOENIX                                                                   PLAINTIFF

v.

DEPARTMENT OF THE ARMY, et al.                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 9). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.     STATEMENT OF FACTS AND CLAIMS

Plaintiff Gail Marie Phoenix ("Phoenix") was employed by the Department of the Army during the time period relevant to this lawsuit. On August 2, 2016, she contacted an Equal Employment Opportunity counselor ("EEO counselor") regarding alleged discriminatory actions by her employer, and on or about August 31, 2016, she filed the Formal Complaint of Discrimination (DA Form 2590) ("Formal Complaint"). (Compl. Ex. 2, at 2, DN 1-2). On July 7, 2017, the Equal Employment Opportunity Commission ("EEOC") issued a right-to-sue letter to Phoenix. (Compl. Ex. 1, DN 1-1).

Phoenix filed this action *pro se* and alleges that Defendants failed to promote her and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1983. (Compl. 4, 5, 12). Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

1

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents

an insurmountable bar to relief."[1] *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

### III. DISCUSSION

#### A. 42 U.S.C. § 1983

In the Complaint, Phoenix asserts claims under both 42 U.S.C. § 1983 and Title VII relating to her employment. Defendant contends, however, that Phoenix cannot assert both claims and the Title VII preempts her 42 U.S.C. § 1983 claim. (Def.'s Mem. Supp. Mot. Dismiss 5).

As the Sixth Circuit has explained,

> Title VII of the Civil Rights Act of 1964 . . . provides the exclusive judicial remedy for claims of discrimination in federal employment. "In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'"

*Steiner v. Henderson*, 354 F.3d 432, 434-35 (6th Cir. 2003) (internal citation omitted) (citation omitted). Because Title VII provides the sole remedy for Phoenix's claims in this action, the Court will dismiss her Section 1983 claim.

#### B. Title VII

In their motion, Defendants also challenge Phoenix's Title VII claim on various grounds. They assert that Phoenix cannot assert claims against all of the named Defendants and that she has failed to state a Title VII claim. (Defs.' Mem. Supp. Mot. Summ. J. 5, 7-11).

---

[1] In opposing the motion, Phoenix has attached several exhibits to her response. As the Sixth Circuit has stated, "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997), *overruled on other grounds by Swierkiwca v. Sorema, N.A.*, 534 U.S. 506 (2002) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). Accordingly, the Court cannot consider Plaintiffs' exhibits in ruling on the pending motion.

1.   *Proper Defendant*

In the Complaint, Phoenix names numerous Defendants to this action including: Ryan D. McCarthy, Acting Secretary of the Army ("Acting Secretary McCarthy");[2] Human Resources Command; and other individuals. (Compl. 2-3, 9-11). Defendants seeks dismissal of all Defendants except for the Secretary of the Army. (Defs.' Mem. Supp. Mot. Dismiss 5).

In relevant part, Title VII provides:

> All personnel actions affecting employees or applicants for employment (except with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5 . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-16(a). *See also* 5 U.S.C. § 102 (defining the term "military departments" to include "[t]he Department of the Army."). The statute also addresses the proper defendant against whom a Title VII claim may be asserted: "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c); *see also Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002) (holding that a claim asserted against the Federal Bureau of Investigation is improper and instead must be asserted against the United States Attorney General); *Hancock v. Egger*, 848 F.2d 87, 88-89 (6th Cir. 1988) (holding Title VII claims must be asserted against the Secretary of the Department of the Treasury rather than the Commissioner of the Internal Revenue Service).

In this case, Phoenix has named numerous Defendants but the only proper defendant against whom she may assert her Title VII claims is Secretary Esper. Accordingly, pursuant to 42

---

[2] On November 15, 2017, the United States Senate confirmed Dr. Mark T. Esper as Secretary of the Army ("Secretary Esper"). Pursuant to Fed. R. Civ. P. 25(d), Secretary Esper is automatically substituted as a party for Acting Secretary McCarthy.

U.S.C. § 2000e-16(c), the Court will dismiss the claims against all Defendants except Secretary Esper.

### 2. *Exhaustion of Administrative Remedies*

Defendants also move for dismissal arguing that Phoenix failed to exhaust her administrative remedies as required by Title VII. (Defs.' Mem. Supp. Mot. Dismiss 7-11). They contend that some of the claims were not timely reported to the EEOC, and other claims did not fall within the formal complaint that she filed with the EEOC. (Defs.' Mem. Supp. Mot. Dismiss 7-11).

#### a. **Pre-Formal Complaint Allegations**

First, the Court must consider whether any alleged discrimination that occurred before Phoenix's contact with the EEO counselor was timely raised. As the Sixth Circuit has explained:

> "In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'" At issue here is the requirement that a federal employee claiming discrimination must contact an Equal Employment Opportunity ("EEO") counselor within forty-five days of an alleged discriminatory occurrence. Failure to do so is cause for dismissal of the complaint by the agency, as well as by the district court.

*Steiner*, 354 F.3d at 434-35 (internal citations omitted) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976)); *see also* 29 C.F.R. § 1614.105(a) ("An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."). As the Supreme Court has noted, 42 U.S.C. § 2000e-16(c) "provides the exclusive judicial remedy for federal employment discrimination . . . ." *Brown*, 425 U.S. at 824.

In this case, Phoenix made contact with an EEO counselor on August 2, 2016, and subsequently filed the Formal Complaint on or about August 31, 2016. (Compl. Ex. 2, at 2).

5

Therefore, Phoenix has only complied with 29 C.F.R. § 1614.105(a) for any discriminatory acts occurring prior to her contact with the EEO counselor back to June 18, 2016—i.e., the forty-five-day period before August 2, 2016.

Based on the allegations in the Complaint, however, none of the alleged discriminatory acts occurred within that forty-five-day period prior to August 2, 2016. Thus, Phoenix has failed to exhaust her administrative remedies for any discriminatory acts that occurred prior to her contact with the EEO counselor, and to extent that her Title VII claim is based on those acts, her claim must be dismissed.

### b. Post-Formal Complaint Allegations

As Defendants correctly recognize, however, the Court must consider whether any alleged discriminatory acts occurring *after* she notified the counselor and filed the formal complaint were properly exhausted before the right-to-sue letter was issued by the EEOC. As a sister court has explained:

> In order to meet the filing requirement, the claimant must explicitly file the claim in the EEOC charge, or the claim must reasonably be expected to grow out of the EEOC charge. *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 379 (6th Cir. 2002). Under this rule, if the facts alleged in the charge of discrimination would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim. *Id.* at 380. This is known as the expected scope of investigation test.

*George v. Youngstown State Univ.*, No. 4:17CV2322, 2019 WL 118601, at *5 (N.D. Ohio Jan. 7, 2019). The court further stated:

> The expected scope of investigation test is primarily used to analyze retaliation claims because "retaliation naturally grows out of any underlying substantive discrimination charge." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 833 (6th Cir. 1999). Yet the facts alleged in a charge of discrimination can also prompt the EEOC to investigate an uncharged claim of discrimination. It is true that an aggrieved employee must file an EEOC charge within 300 days of a discrete unlawful employment action, such as a failure to hire. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114-15 (2002). However, the expected scope of

> investigation test covers specific and discrete adverse *actions* which may reasonably grow out of the original EEOC claim, but for which no EEOC charge was filed.

*Id.* at *6 (citation omitted); *see also Delisle v. Brimfield Twp. Police Dep't*, 94 F. App'x 247, 254 (6th Cir. 2004) ("This Court will not discount Plaintiff's second allegation of retaliation in the form of his demotion since it occurred subsequent to Plaintiff's filing of his administrative claim, and Plaintiff did not file an additional administrative claim. Given that the administrative exhaustion requirement's purpose is, at least in part, to put potential defendants on notice while giving the EEOC the opportunity to investigate and, if possible, to mediate claims, in this situation the EEOC would have already had the opportunity to investigate, making a second filing unnecessary. Therefore, this Court should be permitted to review the full scope of Plaintiff's retaliation claim, inasmuch as both actions are reasonably related." (internal citation omitted) (citation omitted)).

There are alleged acts of retaliation occurring after the filing of the Formal Complaint that are problematic. Phoenix identifies "intentional placement malpractice and even conspiracy to defraud" that occurred on October 25, 2016. (Compl. 13). On November 30, 2016, Phoenix's request for accommodation was allegedly delayed, and there was a disclosure of her personal healthcare information in violation of the Health Insurance Portability and Accountability Act. (Compl. 13). On January 4, 2017, Defendants allegedly retaliated against Phoenix by failing to certify her civilian pay. (Compl. 13). While she did not allege that any of those discriminatory acts were related to her gender or race, those acts could have been in retaliation for the Formal Complaint itself. Thus, as alleged, the retaliatory acts are related to the filing of the Formal Complaint—not a discrete act of discrimination as characterized by Defendants—and are therefore sufficient to satisfy the exhaustion requirement.

For these reasons, Phoenix has only satisfied the requirement to exhaust her retaliation claim arising after the filing of the Formal Complaint. Any other claims will be dismissed.

### 3. *Whether Phoenix Stated a Claim*

Having determined Phoenix satisfied the exhaustion of administrative remedies requirement for the retaliation claim only, the Court must next consider whether she has stated a retaliation claim to survive Defendants' motion. The Court concludes that she has.

To state a claim for retaliation, a plaintiff must allege facts showing that: (1) she engaged in a protected activity under Title VII; (2) the employer knew of such activity; (3) the employer took a materially adverse employment action; and (4) the employer's adverse action is causally related to her protected activity. *See Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014) (citations omitted). For purposes of Title VII, a claimant must present facts showing that she engaged in a protected activity when she alleges that she challenged an unlawful employment practice. *See Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 645 (6th Cir. 2015) (nothing that "a vague charge of discrimination" is not a protected activity (citation omitted)).

In the Complaint, Phoenix alleges that on January 4, 2017, "Jeffrey Bryson failed to certify Gail's civilian pay as a direct result of retaliation for filing a complaint with the EEOC." (Compl. 13). From this allegation, Phoenix has clearly articulated facts to support at least three of the four elements. The only element that is arguably missing is whether her employer had knowledge of her protected activity.

At the time of alleged retaliation, however, it had been more than four months since she had filed the Formal Complaint, and this event occurred during the pendency of the EEOC's investigation. As this Court has noted, "[f]ederal courts hold *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers. The district court better serves 'substantial

8

justice' by examining the 'thrust, not just the text,' of *pro se* litigants' allegations." *Taylor v. 3B Enters., LLC*, No. 3:13-CV-259-S, 2014 WL 4916334, at *2 (W.D. Ky. Sept. 30, 2014) (internal citations omitted) (citation omitted). Thus, while Phoenix does not allege her employer knew that she had engaged in protected conduct, it would appear to be a fair reading of the Complaint and serve substantial justice to construe that Complaint to assert that Defendants knew of her Formal Complaint at the time the alleged retaliatory act occurred.

At this stage of the litigation, it is not proper for the Court to consider the merits of the retaliation claim. Rather, the question is whether the allegations are sufficient to allow the claim to proceed further. The Court concludes that Phoenix has sufficiently stated a retaliation claim to defeat Defendants' motion. Accordingly, the motion will be denied on this basis.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The claims against all Defendants except for Dr. Mark T. Esper, Secretary of the Army, are **DISMISSED** pursuant to 42 U.S.C. § 2000e-16(c).

2. Defendants' Motion to Dismiss (DN 9) is **GRANTED IN PART** and **DENIED IN PART**. The case will proceed on Plaintiff's retaliation claim. All other claims are **DISMISSED**.

Greg N. Stivers, Chief Judge
United States District Court

January 31, 2019

cc: Gail Marie Phoenix, *pro se*
 counsel of record

9