UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00598-GNS-CHL

GAIL MARIE PHOENIX                                                                                    PLAINTIFF

v.

DR. MARK T. ESPER,
Secretary of the Army                                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment (DN 70), Plaintiff's Motion in Limine (DN 71), and Defendant's Motion for Leave to File a Sur-Reply (DN 84). The motions are ripe for adjudication. For the reasons that follow, Plaintiff's Motion for Summary Judgment (DN 70) and Defendant's Motion for Leave (DN 84) are **DENIED**, while Plaintiff's Motion in Limine (DN 71) is **GRANTED IN PART** and **DENIED IN PART**.

### I.     BACKGROUND

Pro se Plaintiff Gail Marie Phoenix ("Phoenix") has again moved motion for summary judgment in this Title VII retaliation action, the substance of which has mostly been previously addressed by this Court when adjudicating Phoenix's first motion for summary judgment. (Pl.'s Mot. Summ. J. 1-21, DN 70; Mem. Op. & Order 1-8, DN 60). Defendant has filed a motion for leave to file a sur-reply to respond to a request for monetary sanctions Phoenix made in her reply to Defendant's response to her motion for summary judgment. (Pl.'s Reply Mot. Summ. J. 1-3,

1

DN 83; Def.'s Mot. Leave File Sur-Reply 1-2, DN 84). Finally, Phoenix has filed a motion in limine requesting several evidentiary rulings should this case go to trial. (Pl.'s Mot. Lim., DN 71).

## II. JURISDICTION

The Court possesses federal question jurisdiction over this action. *See* 28 U.S.C. § 1331.

## III. DISCUSSION

### A. Phoenix's Motion for Summary Judgment

Phoenix attempts to obtain summary judgment on four groups of purported retaliatory actions, which this Court previously rejected: (1) the failure to certify her timecard; (2) an unreasonable delay in responding to her request for a workplace accommodation; (3) the disclosure of her private healthcare information to other employees; and (4) the failure to promote her. (Pl.'s Second Mot. Summ. J. 8-21; Pl.'s Reply Mot. Summ. J. 3-5, DN 83; Mem. Op. & Order 2-8).

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying the evidence demonstrating an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the nonmoving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable for the nonmoving party, the nonmoving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the nonmoving party must present facts proving that a

genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

Because Phoenix presents no direct evidence of retaliation, the burden shifting framework articulated in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), applies. *See Scott v. Donahoe*, 913 F. Supp. 2d 355, 364 (W.D. Ky. 2012) (citing *Chen v. Dow Chem. Co.*, 580 F.3d 394, 402 (6th Cir. 2009)). To prove a prima facie claim of retaliation under Title VII, Phoenix must prove that: "(1) [s]he engaged in activity protected by Title VII; (2) the exercise of h[er] civil rights was known to the defendant; (3) thereafter, the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000) (citation omitted). "The burden of establishing a prima facie case is not an onerous one." *Lewis-Smith v. W. Ky. Univ.*, 85 F. Supp. 3d 885, 906 (W.D. Ky. 2015) (citing *Nguyen*, 229 F.3d at 563). If Phoenix is able to make out a prima facie case, the burden shifts to her employer to proffer a legitimate nonretaliatory reason for its decision. *Rogers v. Henry Ford Health Sys.*, 897 F.3d 763, 772 (6th Cir. 2018) (quoting *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 584 (6th Cir. 2009)). If her employer does so, "the plaintiff must then prove by a preponderance of the evidence that the reasons offered by the employer were pretextual." *Id.* (citation omitted).

In denying Phoenix's first motion for summary judgment on her timecard certification retaliation claim, the Court previously explained that Defendant proffered a declaration from Jeffrey Bryson, the individual responsible for approving her time card, to the effect that Phoenix's time card was not approved for two reasons: (1) she did not submit her time card by the prescribed

deadline; and (2) she reported inaccurate hours. (Mem. Op. & Order 3-4; Bryson Decl. ¶¶ 17-18, DN 41-1). All of the arguments Phoenix makes here have either already been addressed or are nonresponsive to these legitimate nonretaliatory reasons. (Mem. Op. & Order 3-4; Pl.'s Second Mot. Summ. J. 8-10; Pl.'s Reply Mot. Summ. J. 3). Whether Defendant failed to certify Phoenix's timecard for Title VII retaliatory or nonretaliatory reasons is a genuine issue of matter fact precluding the Court from granting summary judgment in favor of Phoenix on this claim.

The Court also declined to grant Phoenix's summary judgment on her workplace accommodation request claim for numerous reasons. (Mem. Op. & Order 4-6). Although Phoenix raises some new arguments in the instant motion, she has failed to address all of the independent reasons the Court denied her motion. Because Phoenix does not refute all of the independent reasons the Court gave for denying summary judgment on this claim, her current motion for summary judgment on this claim will be denied. (Pl.'s Mot. Summ. J. 12-15; Mem. Op. & Order 5-6).

Regarding Phoenix's motion for summary judgment on her disclosure of medical information claim, the Court declined to award Phoenix summary judgment on this claim because the individuals who are alleged to have disclosed her medical information refute that such disclosure even happened. (Mem. Op. & Order 6-7; Quijano Decl. ¶¶ 7, 9, DN 41-6; Wisniewski Decl. ¶ 5, DN 41-8; Coleman Decl. ¶ 6, DN 41-7).[1] Phoenix's arguments this time around are nonresponsive to that genuine issue of material fact; summary judgment therefore cannot be

---

[1] Phoenix has made conclusory claims now alleging some kind of involvement by Clark in the disclosure of her medical information, which will be disregarded as they are unsupported with any record citations. (Pl.'s Mot. Summ. J. 15, 17).

4

granted in her favor related to her claim for disclosure of medical information. (Pl.'s Mot. Summ. J. 15-17; Pl.'s Reply Pl.'s Mot. Summ. J. 4-5).[2]

Phoenix's final allegations of impermissible retaliation all stem from Defendant's alleged failures to promote her. (Pl.'s Mot. Summ. J. 18-20; Pl.'s Reply Mot. Summ. J. 5). At the time of her first motion for summary judgment, Phoenix alleged 28 instances of Defendant impermissibly failing to promote her. (Mem. Op. & Order 7). The Court denied Phoenix's motion for summary judgment on all of her claims stemming from these purported failures to promote, as Phoenix presented no evidence refuting the legitimate nonretaliatory reasons for refusal to promote her. (Mem. Op. & Order 7). Phoenix has since refined her failure to promote allegations to just three dates on which she applied for certain jobs and was not promoted: (1) July 22, 2016; (2) August 19, 2016; and (3) September 8, 2016. (Pl.'s Mot. Summ. J. 18-20).

Regarding Phoenix's July 22, 2016, applications, Defendant has submitted the Declaration of an individual serving on the hiring panel for those positions stating that Phoenix was not among the top five candidates considered the most qualified for those positions. (Ortiz Decl. 2 & 26, DN 81-4). As for Phoenix's purported August 19, 2016, application, there is a question whether Phoenix even applied for a position on this date. (Def.'s Resp. Pl.'s Mot. Summ. J. 13-15). Indeed, the document Phoenix points to as indicating she applied for a position on August 19, 2016, is not dated. (Pl.'s Mot. Summ. J. Ex. 7, DN 70-7). Moreover, Defendant has proffered Phoenix's lists of job applications that indicates no such applications filed on August 19, 2016. (Furman Decl. 3, DN 81-3). Finally, Phoenix's purported September 8, 2016, job application also suffers from the

---

[2] Phoenix also briefly attempts to resurrect an additional retaliation claim, i.e., for Defendant having "unnecessarily and unreasonably delay[ing] her request for reasonable accommodations[,]" that has been previously refuted by this Court. (Pl.'s Mot. Summ. J. 17). Phoenix offers no new arguments that respond to the Court's previous refutation of her arguments in this regard. (Mem. Op. & Order 6).

5

aforementioned defect—Phoenix has not pointed to anything in the record evidencing that she even applied for a job on this date. (Pl.'s Mot. Summ. J. 18-19; Def.'s Resp. Pl.'s Mot. Summ. J. 15). Defendant candidly hypothesizes that what Phoenix calls her September 8, 2016, job application actually refers to a job application she submitted on June 16, 2016, for another position. (Def.'s Resp. Pl.'s Mot. Summ. J. 15). In that vein, Defendant has proffered the Declaration of an individual on the hiring panel for that position stating that Phoenix was not the most qualified candidate for the position. (Deem Decl. 1-2, DN 81-5). Phoenix has not sufficiently refuted all of these legitimate nonretaliatory reasons to be awarded summary judgment on these claims, so her summary judgment motion in this regard will be denied.

Phoenix has, once again, offered no reason to grant summary judgment in her favor on the claims she asserts, and her motion in this regard will be denied.

### B. Defendant's Motion for Leave to File a Sur-Reply

Defendant has also moved for leave to file a sur-reply to address Phoenix's request for monetary sanctions stemming from Defendant's use of witness declarations in its response to Phoenix's summary judgment motion. (Def.'s Mot. Leave File Sur-Reply 1-2, DN 84; Def.'s Proposed Sur-Reply 1-3, DN 84-2). Specifically, Phoenix alleges that Defendant's exhibits attached to its response to Phoenix's summary judgment motion, which include five witness declarations, do not comply with the requirements of Fed. R. Civ. P. 26. (Pl.'s Reply Mot. Summ. J. 1-3). Phoenix's only requested relief, however, is the imposition of monetary sanctions. (Pl.'s Reply Mot. Summ. J. 1). In other words, Phoenix has not asked the Court to disregard Defendant's witness declarations for purposes of her summary judgment motion. Since the proposed sur-reply only responds to Phoenix's request for a monetary sanction, it is therefore irrelevant to the

propriety of Phoenix's motion for summary judgment. Defendant's motion for leave to file a sur-reply will be denied.

### C. Phoenix's Motion in Limine

In lieu of the denial of her summary judgment motion, Phoenix has moved in limine seeking 20 pretrial evidentiary rulings by this Court. (Pl.'s Mot. Limine 1-2, DN 71). As the Sixth Circuit has explained:

> A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court. This preliminary ruling allows the parties to consider the court's ruling in formulating their trial strategy. However, the district court may change its ruling at trial for whatever reason it deems appropriate.

*United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (internal citations omitted) (citation omitted); *see also Hunter v. Blair*, 120 F.R.D. 667, 667 (S.D. Ohio 1987) ("As motions in limine are not provided for in the Federal Rules of Civil Procedure and are merely requests for the Court's guidance, a court may, in the exercise of discretion, decline to make a pretrial ruling." (citing *United States v. Luce*, 713 F.2d 1236 (6th Cir. 1983))). The Court will consider the various grounds Phoenix has raised and make preliminary rulings on the admissibility of such evidence at trial.

#### 1. *Phoenix's Timecard*

Phoenix seeks a ruling for admission into evidence a timecard which purportedly shows that she submitted her work hours within the prescribed deadline for doing so. (Pl.'s Mem. Supp. Mot. Limine 2, DN 71-1). Phoenix seeks admission of the timecard to help prove her claim that Defendant retaliated against her in violation of Title VII by not certifying her timecard in a timely manner. In support of admission of the timecard, Phoenix cites Fed. R. Evid. 803(6), which permits the admission of business records of a regularly conducted activity over a hearsay

objection. Fed. R. Evid. 803(6), however, requires a witness "familiar with the record keeping system" of an organization to provide the required foundation for admission of the timecard under this rule. Fed. R. Evid. 803(6)(D); *United States v. Hathaway*, 798 F.2d 902, 906 (6th Cir. 1986) (citations omitted). There is no indication that Phoenix herself possesses any knowledge of the relevant record keeping system creating and maintaining the timecard, nor has she identified any witness who can provide the foundation necessary to admit the timecard into evidence. This is not to say that Phoenix cannot provide the proper foundation for admission of the timecard, as Defendant acknowledges, but she has not established the proper foundation for the Court to admit the timecard into evidence at this time. *See United States v. Shah*, 125 F. Supp. 3d 570, 574 (E.D.N.C. 2015) ("[T]he proponent of the evidence . . . bears the burden to establish its admissibility." (citing *United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009))). The Court will not exclude the timecard at this time.

        **2.**    *Witness's Prior Convictions*

Phoenix seeks to exclude the admission of an unidentified witness's prior felony convictions. (Pl.'s Mem. Supp. Mot. Limine 3). Although Phoenix does not specify which witnesses she is referring to, Defendant has identified that it believes Phoenix is referring to Phoenix's husband, who is a convicted felon and who will testify about Phoenix's mental anguish allegedly stemming from Defendant's actions. (Def.'s Resp. Pl.'s Mot. Limine 2-3, DN 77). Defendant identifies Fed. R. Evid. 609(a)(1)(A) as establishing essentially the automatic admission of a witness's felony conviction. (Def.'s Resp. Pl.'s Mot. Limine 3). In her reply, however, Phoenix identifies the relevant conviction as a 1994 conviction for "possession" without specifying any further details as to the nature of the crime. (Pl.'s Reply Mot. Limine 2, DN 79). "[I]f more than 10 years have passed since the witness's conviction or release from confinement for it,

whichever is later[,] [e]vidence of the conviction is admissible only if[] its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect . . . ." Fed. R. Evid. 609(b)(1). Phoenix's husband's 1994 conviction for possession obviously occurred more than 10 years ago, but it is unknown when her husband was released. It is incumbent upon Defendant to prove the admissibility of Phoenix's husband's conviction to use against him. *See Shah*, 125 F. Supp. 3d at 574 (citation omitted). Defendant has not explained why it can use Phoenix's husband's 1994 conviction against him under Fed. R. Evid. 609(b).

Unless Defendant can address the reasons for the exclusion of Phoenix's husband's felony from evidence, Defendant will be precluded from admitting evidence pertaining to that conviction. Phoenix's request to exclude her husband's felony conviction from evidence will be conditionally granted.

### 3.     *Defendant's Expert Witness Reports*

Phoenix seeks to exclude from evidence the reports created by Defendant's expert witnesses, which Defendant acknowledges is appropriate. (Pl.'s Mem. Supp. Mot. Limine 3; Def.'s Resp. Pl.'s Mot. Limine 9); *see Shadrick v. S. Health Partners, Inc.*, No. 4:11-cv-00033-JHM, 2016 WL 4555611, at *7 (W.D. Ky. Aug. 31, 2016) ("The written reports of expert witnesses prepared in anticipation of trial are generally inadmissible because they are considered hearsay." (citations omitted)). Defendant only seeks to preserve its ability to introduce expert reports if Phoenix does something at trial which renders permissible the admission of the expert reports into evidence. The actual written reports of Defendant's experts will therefore be precluded from admission into evidence, barring acts by Phoenix necessitating the introduction of those actual written reports.

### 4. *"Prior Claims, Defenses, or Parties Herein"*

In her fourth basis, Phoenix requests the following evidentiary ruling:

> [T]o exclude Defendant, its counsel, and any expert witnesses from referring to, interrogating about, commenting on, arguing or relying upon or in any other manner attempting to introduce into evidence in any way, any allegations, documents, or written or oral testimony or any reference[] to prior claims, defenses, or parties not part of this case, claim or in the record. The prior grievances, complaints, [and] inquiries are probative only [for] its propensity to bring complaints against the defendant.

(Pl.'s Mem. Supp. Mot. Limine 4). "A motion in limine may be denied for being vague and overbroad." *McCoy v. Kazi*, No. 08-CV-07244-SJO-CWX, 2010 WL 11465179, at *12 (C.D. Cal. Aug. 27, 2010) (citing *Lopez v. Chula Vista Police Dep't*, No. 07-CV-1272-WQH-BLM, 2010 WL 685014, at *7 (S.D. Cal. Feb. 18, 2010); *Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-CV-5220-AJP, 1998 WL 665138, at *3 (S.D.N.Y. Sept. 25, 1998)). Phoenix's vague and overbroad request in this regard will be denied.[3]

### 5. *Phoenix's Financial Condition*

Phoenix seeks to exclude any evidence regarding her financial condition. (Pl.'s Mem. Supp. Mot. Limine 4-5). While it is true that "[c]ourts have consistently held that evidence of a party's financial condition should be excluded as irrelevant or unduly prejudicial[,] . . . [i]n some situations, however, courts have allowed evidence of a [party's] financial condition into evidence[] where it is relevant to the party's claim." *Henry v. Quicken Loans, Inc.*, No. 04-cv-40346, 2011 WL 13208621, at *3 (E.D. Mich. Jan. 31, 2011) (internal citations omitted) (citation omitted); *see also United States v. Rauckhorst*, 56 F.3d 65, 1995 WL 313730, at *1 (6th Cir. 1995) (affirming

---

[3] Defendant attempted to identify what Phoenix seeks to exclude with this request, but Phoenix's reply suggests that Defendant's attempt at identification is incorrect. (Def.'s Resp. Pl.'s Mot. Limine 7-8; Pl.'s Reply Mot. Limine 2-3). The disagreement between the parties in this regard also supports the view that Phoenix's fourth request is vague and overbroad.

10

district court's admission of "evidence regarding the financial situation" of a party because such evidence was "highly relevant"). As Defendant points out, Phoenix alleges that the delayed certification of her timecard "caused significant financial hardship and emotional and family stress that's still felt today." (Compl. 13, DN 1; Def.'s Resp. Pl.'s Mot. Limine 3). Phoenix has made her financial situation relevant, as her financial condition will shed light on whether Phoenix truly suffered adverse effects from the failure to certify one of her timecards. Phoenix's request to exclude evidence regarding her financial situation will be denied.

### 6. *Phoenix's Marriages and Divorces*

Phoenix seeks to exclude any evidence pertaining to her previous marriages and divorces. (Pl.'s Mot. Limine 5). As with her financial condition, however, Phoenix herself has made such evidence relevant.

> [A] plaintiff can recover compensatory and punitive damages in a successful action under Title VII against an employer "who engaged in unlawful intentional discrimination." The types of compensatory damages the court may award include "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses."

*Dye v. Bellsouth Telecomms., Inc.*, 462 F. Supp. 2d 845, 849 (W.D. Tenn. 2006) (citations omitted). As Defendant notes, Phoenix alleges intentional retaliatory acts by Defendant that allegedly give rise to most of the aforementioned types of damages. (Pl.'s Mot. Summ. J. 2; Compl. 7; Compl. Ex. 2, at 2, 6, DN 1-2; Def.'s Resp. Pl.'s Mot. Limine). The extent of Plaintiff's emotional distress, mental anguish, inconvenience, and loss of enjoyment of life that is actually attributable to Defendant's actions as opposed to her marital history is therefore a relevant issue. *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 638 (N.D. Cal. 2003) ("[T]he defendant may cross-examine the plaintiff . . . about other stressors or contributing factors that may explain or have contributed to the alleged emotional distress.").

Phoenix cites to the "two marital privileges—the adverse testimony privilege and the confidential communications privilege" in an attempt to bolster her position. (Pl.'s Mem. Supp. Mot. Limine 5); *see Procter & Gamble Co. v. Bankers Tr. Co.*, 909 F. Supp. 525, 526-27 (S.D. Ohio 1995) (outlining marital privileges) (citations omitted). "The adverse testimony privilege permits witnesses to refuse to testify against their spouses . . . . The confidential communications privilege excludes confidential communications made by one spouse to the other during a marriage." *Id*. (internal citations omitted) (citations omitted). Citation to these rules is irrelevant because Phoenix does not identify any specific evidence she wishes to exclude. (Pl.'s Mem. Supp. Mot. Limine 5; Pl.'s Reply Mot. Limine 2-3).

For these reasons, Phoenix's request to exclude such evidence will be denied.

### 7. *Evidence Regarding Domestic Violence/Abuse*

Phoenix seeks to exclude from evidence, specifically under Fed. R. Evid. 404(b), incidents of domestic violence apparently perpetrated by her against her husband. (Pl.'s Mem. Supp. Mot. Limine 5; Pl.'s Reply Mot. Limine 3). Fed. R. Evid. 404(b), however, only prohibits the use of other bad acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Moreover, Fed. R. Evid. 404(b)(2) outlines a nonexhaustive list of other permissible uses of other bad acts evidence. Fed. R. Evid. 404(b)(2); *United States v. Westine*, No. 14-CV-10-GFVT, 2015 WL 45515, at *4 (E.D. Ky. Jan. 2, 2015) (Rule 404(b)(2) "list is not exhaustive"). Defendant is not using Phoenix's acts of domestic violence to show that she has a tendency to commit domestic violence, but rather to shed light on Phoenix's marital issues, which, as discussed as it pertains to Requests 5 and 6, is relevant in determining how much of Phoenix's claimed emotional distress is attributable to Defendant's actions versus Phoenix's other problems. Phoenix's request in this regard will be denied.

### 8.  *Collateral Source Payments*

Phoenix seeks to exclude evidence pursuant to the collateral source rule. (Pl.'s Mem. Supp. Mot. Limine 6; Pl.'s Reply Mot. Limine 3). "The collateral source rule is a substantive rule of law that bars a tortfeasor from reducing damages owed to a plaintiff by the amount of recovery the plaintiff receives from sources that are collateral to the tortfeasor." *Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir. 1994) (citation omitted). Defendant acknowledges its responsibility to refrain from violating the collateral source rule but seeks to preserve its ability to introduce specific evidence that Phoenix may argue violates this rule as such evidence arises. Phoenix's request for Defendant to adhere to the collateral source rule will be granted, but the Court will address more specific issues as they arise at trial.

### 9.  *Emails Relating to Damages Claims and Collective Bargaining*

In her motion, Phoenix seeks a blanket prohibition on Defendant's use of any of her emails, presumably emails that she both sent and received. (Pl.'s Mot. Limine 6-7; Pl.'s Reply Mot. Limine 3-4). Phoenix asserts that her emails are protected work product and irrelevant to this matter. (Pl.'s Mot. Limine 6-7; Pl.'s Reply Limine 3-4). Yet, Phoenix fails to identify any specific email she references or to provide enough specificity regarding these emails for the Court to make an informed decision as to whether her emails should be excluded on those bases. (Pl.'s Mot. Limine 6-7; Pl.'s Reply Mot. Limine 3-4); *see McCoy*, 2010 WL 11465179, at *12 ("A motion in limine may be denied for being vague and overbroad." (citations omitted)); *see also United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006) ("A party asserting the work product privilege bears the burden of establishing that the documents he or she seeks to protect were prepared 'in anticipation of litigation.'" (citations omitted)). Phoenix's requests in this regard will therefore be denied.

### 10. *Defendant's Expert Witness's Testimony*

Phoenix seeks to exclude any and all testimony provided by Defendant's expert witness, Dr. Timothy Allen ("Allen"). (Pl.'s Mem. Supp. Mot. Limine 7-8). Phoenix argues that Allen's testimony should be excluded on relevancy and hearsay grounds. (Pl.'s Mem. Supp. Mot. Limine 7-8). It appears that Allen will testify about Phoenix's mental health. (Def.'s Resp. Pl.'s Mot. Limine 3-10). Phoenix's mental health bears on the extent of damages she purportedly suffered because of Defendant's actions, as previously discussed. As it pertains to specific testimony offered by Allen, Phoenix is free to object on relevancy and hearsay grounds. At this point, however, Phoenix has offered nothing in the form of specifics through which this Court can determine whether Allen's testimony can be characterized as irrelevant or impermissible hearsay. Phoenix's request in this regard will be denied.

### 11. *"Clips or Sound Bites From Deposition"*

It is unclear what exactly Phoenix's is seeking to exclude relating to portions of deposition testimony. Phoenix either seeks to preclude Defendant from using her deposition testimony against her at trial or from playing only certain portions of her deposition at trial without greater context. Phoenix does not provide any specifics about what portions of her deposition she seeks to exclude. (Pl.'s Mem. Supp. Mot. Limine 8; Pl.'s Reply Mot. Limine 4). Phoenix only cites to Fed. R. Evid. 106, which provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." In other words, Fed. R. Evid. 106 is not a basis for excluding evidence but rather a tool that Phoenix can use to introduce evidence herself to give context to what Defendant seeks to use against her. *See United States v. Branch*, 91 F.3d 699, 727 (5th Cir. 1996) ("[Fed. R. Evid. 106] partially

14

codifies the common-law 'rule of completeness.' Its purpose is 'to permit the contemporaneous introduction of recorded statements that place in context other writings admitted into evidence which, viewed alone, may be misleading.'" (internal citation omitted) (citation omitted)). At this time, the Court finds no reason to preclude Defendant's use of Phoenix's deposition testimony when appropriate, but Phoenix will be able to make specific objections. *See* Fed. R. Civ. P. 32(a)(1) ("At . . . trial, all or part of a deposition may be used against a party" if certain conditions are satisfied, including that the deposition "is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying . . . ."). Phoenix's request in this regard will be denied.

### 12.    *Information Pertaining to Discovery Requests*

Phoenix seeks to exclude "all testimony, evidence, and argument[s] relating to" discovery requests she made to Defendant. (Pl.'s Mem. Supp. Mot. Limine 9; Pl.'s Reply Mot. Limine 4). Phoenix's only basis for this request is an allegation that Defendant violated Fed. R. Civ. P. 36(a) in responding to these requests. (Pl.'s Mem. Supp. Mot. Limine 9; Pl.'s Reply Mot. Limine 4). Specifically, Phoenix takes issue with Defendant's denials of specific requests for admission she served on Defendant. (Pl.'s Mem. Supp. Mot. Limine 9; Pl.'s Reply Mot. Limine 4). Phoenix's belief that Defendant deficiently responded to her requests for admission is meritless because Defendant specifically denied each such request for admission. (Pl.'s Mem. Supp. Mot. Limine 9; Pl.'s Mot. Limine Ex. 2, at 2-5, DN 71-3; Def.'s Resp. Pl.'s Mot. Limine 16-17); *see In re Wahlie*, Nos. 11-3157, 10-31680, 2011 WL 6757006, at *2 (N.D. Ohio Dec. 23, 2011) ("[T]he use of the word 'DENY,' in a response to a matter for which an admission is requested, is not deficient for purposes of Rule 36 . . . ."). Phoenix's regard in this regard will be denied.

### 13. *Remaining Grounds*

Phoenix's final string of requests can be summarily characterized as meritless. She asserts seven grounds requesting the Court to "exclude all testimony, evidence, and argument[s] related to" groups of subject matter that Phoenix terms "affirmative defense[s]" in each request. (Pl.'s Mem. Supp. Mot. Limine 9-13; Pl.'s Reply Mot. Limine 4). Phoenix only identifies Fed. R. Civ. P. 8, 9, and 12 as the bases for her evidence exclusion requests, but fails to articulate how these rules preclude admission of the unspecified evidence pertaining to the groups of subject matters she identifies. (Pl.'s Mem. Supp. Mot. Limine 9-13; Pl.'s Reply Mot. Limine 4). Phoenix does not articulate a legitimate basis for her request to exclude unspecified evidence pertaining to groups of general subject matter, so her requests in this regard will be denied.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (DN 70) is **DENIED**.

2. Defendant's Motion for Leave to File a Sur-Reply (DN 84) is **DENIED**.

3. Plaintiff's Motion in Limine (DN 71) is **GRANTED IN PART** and **DENIED IN PART**. The Court's preliminary evidentiary rulings are as follows:

   a. Until Defendant can address the reasons for the exclusion of Phoenix's husband's possession felony from evidence, Defendant will be precluded from admitting evidence pertaining to that conviction at trial.

   b. The actual written reports of Defendant's experts will be precluded from admission into evidence, barring action by Phoenix authorizing the introduction of those actual written reports at trial.

      c.      Phoenix's request for Defendant to adhere to the collateral source rule will be granted, but the Court will address more specific issues as they arise at trial.

      d.      All of Phoenix's other evidentiary ruling requests are **DENIED** at this time subject to any evidentiary rulings the Court may make at trial.

Greg N. Stivers, Chief Judge
United States District Court

July 6, 2020

cc:    counsel of record
           Gail Marie Phoenix, *pro se*