UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-598-RGJ

GAIL MARIE PHOENIX                                                                        Plaintiff

v.

DR. MARK T. ESPER,                                                                        Defendant
Secretary of the Army

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gail Phoenix ("Phoenix") *pro se* sued Defendant Dr. Mark T. Esper, Secretary of the Army ("Defendant") for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. [DE 1]. The Court granted Defendant's Motion for Summary Judgment. [DE 114]. Defendant now submits a Bill of Costs and Motion for Costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. [DE 119]. Phoenix Objected [DE 123], and Defendant responded. [DE 125]. Phoenix also seeks to add to the record on appeal by filing a "transcript of evidence relevant to the conclusion," [DE 121], to which Defendant objects. [DE 124]. Phoenix responded [DE 126]. These matters are ripe. For the reasons below, Defendant's Motion for Costs [DE 119] is **GRANTED** and Defendant's objection [DE 124] is **SUSTAINED**.

**I.      BILL OF COSTS [DE 119] AND OBJECTIONS [DE 123].**

   *a. Standard*

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am.*

1

*Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC*, No. 1:09-CV-00081-TBR, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *overruled on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012)). The Supreme Court has held that a district court may award costs only for those elements in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987).

Courts may decline awarding costs when "it would be inequitable under all the circumstances in the case." *Smith v. Joy Techs., Inc.*, No. CIV. 11-270-ART, 2015 WL 428115, at *1 (E.D. Ky. Feb. 2, 2015) (quoting *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (internal quotation marks omitted)). "The Sixth Circuit has laid out a few situations where courts appropriately use their discretion to refuse costs: (1) where the prevailing party's costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has 'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." *Smith*, 2015 WL 428115, *1 (quoting *White & White, Inc.*, 786 F.2d at 730).

*b. Analysis*

Defendant requests costs for depositions transcripts and docket fees in the case totaling $3,678.20 and attach an invoice and a declaration in support. [DE 119]. Phoenix objects, arguing that Defendant did not provide a basis for the reasonableness or necessity of the deposition transcript and that she cannot pay the costs. [DE 123 at 1587-94].

The expense of transcripts, including deposition and trial transcripts, are taxable only when "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Crawford Fitting Co.*, 482 U.S. at 440; *see also White & White, Inc.*, 786 F.2d at 731–32. Phoenix argues that the deposition costs here "are unreasonable, unnecessary, not accurate, or unsubstantiated." [DE 123 at 1590]. Yet, "[o]rdinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Furthermore, "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Id.*

Defendant is a prevailing party here and thus entitled to costs as a prevailing party. Phoenix, as Plaintiff, was an essential witness. Defendant cited Phoenix's deposition testimony throughout its successful summary judgment motion and its reply to Phoenix's response to that motion. [*See* DE 91; DE 95]. The Court also cited her deposition testimony in its summary judgment order. [*See* DE 114]. Phoenix's deposition was thus reasonably necessary for Defendant's use here. *See Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 858–59 (6th Cir. 2015) (affirming grant of deposition costs used at summary judgment and not at trial).

Phoenix argues that the deposition costs are unreasonable because she "has not read, seen, or observed" any materials associated with the deposition charges and that it is "prejudice against her for the Court to tax any cost with deposition as Defendant as [sic] not produced it as evidence."

3

[DE 123 at 1590]. Defendant supported the deposition costs with an attached itemized invoice detailing the deposition costs. [DE 119-2]. Phoenix has not suggested that she requested and was denied a copy of the deposition materials and she does not support her arguments with any specific authority. [DE 123 at 1590]. The Court overrules this objection.

Phoenix also objects specifically to the videography charges of her deposition. [DE 123 at 1591-93]. She argues that these costs are unreasonable and unnecessary because she "would necessarily be required to be present at the jury trial" and "claims the videographer did not film 8.5 hours." [*Id.*]. Under § 1920(2), "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. *See Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-208-CRS, 2019 WL 6898663, at *8 (W.D. Ky. Dec. 18, 2019) (allowing costs for video and pdf transcripts). Defendant need not justify video depositions. *See Burgett v. City of Flint*, No. CIV.A. 07-CV-12686, 2008 WL 363291, at *3 (E.D. Mich. Feb. 11, 2008) (ordering defendant to participate in video depositions, "[t]here is no requirement that the deposing party provide justification for video recording the deposition"); *see also Taglione v. Charter Commc'ns, LLC*, 335 F.R.D. 506, 508 (S.D. Ohio 2020) (allowing costs for both video dispositions and printed transcripts) (citing *BDT Prods., Inc.*, 405 F.3d at 419–20). There is no evidence that Defendant used the video depositions for any improper purpose. The Court determined that Phoenix's deposition was necessary for Defendant's use, and Defendant need not justify video depositions, so the Court rejects Phoenix's argument that a video recording of the deposition was unreasonable or unnecessary. *See Ashland Hosp. Corp. v. RLI Ins. Co.*, No. CV 13-143-DLB-EBA, 2015 WL 5063184, at *3 (E.D. Ky. Aug. 26, 2015) (allowing costs for both paper and video copies of depositions where they would assist defendant to "effectively impeach

the witnesses at trial"). The Court thus finds that Defendant may recover costs for both videographer and paper transcript. *See id.*

Phoenix argues that the videographer did not film for 8.5 hours because "Rule 30(d) specifically states a deposition is limited to 1 day of 7 hours." [DE 123 at 1592]. The rule requires a limitation of 7 hours for depositions "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours" and that the court "allow additional time . . . if needed to fairly examine the deponent, or if . . . circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The Court has no information from either party about stipulations between the parties or any delay, and the Court did not issue a written order on deposition timing. But Phoenix has cited no authority suggesting that costs for depositions are limited to the hourly fee for 7 hours. [*See* DE 123 at 1592]. And she has offered no evidence that the videographer did not actually work the submitted hours or that the court reporter otherwise inaccurately reported her fees. Deposition costs are not limited to hourly fees. *See e.g.*, *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002) (allowing cost for court reporter's appearance fee). Phoenix also argues that the reporter's fee exceeds the maximum amount allowable under General Order 2021-2. [DE 123 at 1592]. That said, the general order applies to the Court's own reporters, not to the private reporters and parties' deposition costs obtained from those reporters. *See* GO 2021-2. The Court finds the videographer's costs are recoverable.

Phoenix attached a single wedding videographer advertisement in support of her argument that deposition costs should be based on the prevailing market rate for video services, rather than the costs themselves. [DE 123 at 1590]. Even assuming this rate was available to the parties at the time, the argument is unsupported by authority. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("It is not sufficient for a party to mention a possible argument in the most skeletal

way, leaving the court to . . . put flesh on its bones.") (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997); *see also Singleton v. Astrue*, No. CIV.A. 09-333-GFVT, 2010 WL 6004448, at *3 (E.D. Ky. June 28, 2010), *report and recommendation adopted,* No. CIV. 09-333-GFVT, 2011 WL 843965 (E.D. Ky. Mar. 9, 2011) ("It is well-established that courts are not obligated to consider unsupported arguments inadequately developed in the briefs") (quoting *Lewless v. Sec'y of Health & Hum. Servs.*, 25 F.3d 1049 (6th Cir. 1994) (Table) (internal quotation marks and formatting omitted). The Court thus rejects this argument.

Phoenix argues that the Court should deny fees because she is "financially unable to pay the costs itemized." [DE 123 at 1593]. Phoenix argues that she "has been unemployed and been currently employed at will" that her "medical status often limits her ability to work . . . [and] she is going through a divorce." [*Id.*]. But Phoenix also not provided any documentation in support of this argument. *See Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 861 (6th Cir. 2015) (affirming rejection of indigency claim where plaintiff failed to show she was incapable of paying costs). Furthermore, as a pro se plaintiff litigating her claims, Phoenix assumed the risks inherent to litigation. These risks include imposing costs. *See Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) ("The plaintiff's indigency does not prevent the taxation of costs against him."); *and Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001) ("The partial lifting of the subsidy previously enjoyed by prisoner-litigants does not deny them access to the courts, except that, like all poor persons, their access is restricted because they must weigh the risks and rewards of trying their claims in court.") (citing *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) (stating that imposing costs against indigent prisoner makes them "like anybody else")). The Court thus overrules Phoenix's objection based on indigency.

Lastly, Phoenix argues "the Court should defer assessment of costs until the appellate process has been completed." [DE 123 at 1593]. Yet, "district courts throughout this Circuit have routinely rejected the argument that the taxation of costs should await the conclusion of an appeal." *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *1 (W.D. Ky. May 7, 2013), *aff'd,* 582 F. App'x 657 (6th Cir. 2014). The Court rejects this argument as well.

In sum, Phoenix cites no authority that supports that Defendants would not be entitled to costs in this situation, and Phoenix has not shown that this is like any of the situations in which the Sixth Circuit has held it would be appropriate for the Court to use its discretion to refuse costs. The Court finds the taking and transcribing of depositions, including video depositions, was reasonably necessary for the litigation here, and Phoenix has not overcome the presumption of awarding this cost. *White & White, Inc.*, 786 F.2d at 732 ("it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party.").

The Court thus overrules Phoenix's objections [DE 123], grants Defendant's Motion for Costs [DE 119], and orders Phoenix to pay costs to Defendant.

## II.  TRANSCRIPT OF EVIDENCE [DE 121] AND OBJECTION [DE 124].

"In accordance with FRAP 10(b)(2) Phoenix identifies the following evidence that were used in making the determination under review and any other additional evidence in the record." [DE 121 at 1579]. The evidence includes "[a]ffidavits and written statements[,] . . . [d]ocuments[,]

. . . [and] [r]ecords from other Agencies."[1] [*Id.* at 1579-80]. Phoenix does not attach any evidence to her filing. Defendant objects because it seeks to improperly enlarge the record. [DE 124]. Phoenix responds that Defendant "did not file all documentary evidence relied upon" and requests the Court "eliminate all or a portion of the legal pleading response" from Defendant because he included "declaration exhibits from King and Jones" that she "did not receive . . . nor are they part of the record." [DE 126 at 1634].

---

[1] Specifically, Phoenix lists the following:
    Affidavits and written statements
1. Phoenix's communications with individuals identified in Initial Disclosures concerning the facts of claims [identified as Phoenix's discoverable documents'
2. Declaration of Monica Dixon, dated July 23, 2019, [identified as Phoenix's discoverable documents]
3. Amended Complaint to administrative Judge, dated December 16, 2016 [DE 52].
4. Motion to Dismiss and Order [DE 9-10 and 20].
5. Motion for Summary Judgment (DE 91 and 93].

    Documents
6. Fair labor Standard Act (FLSA)
7. Supervisor Telework Checklist, dated November 30, 2016, [identified as Phoenix's discoverable documents and US_PROD_0864-1010]
8. Confirmation of Request for Reasonable Accommodation, dated November 30, 2016, [identified as Phoenix's discoverable documents]
9. Response to Reasonable Accommodation Information Report, dated December 13, 2017, [identified as Phoenix's discoverable documents]
10. For Knox Reasonable Accommodation Packet [identified as Phoenix's discoverable documents]
11. ATAAPS Employee Quick Reference guide [identified as Phoenix's Discoverable documents]
12. Time and Attendance quick reference guide [identified as Phoenix's Discoverable documents]
13. Type Hour Codes, quick reference [identified as Phoenix's discoverable documents]

    Records from other Agencies
14. The record of Administrative proceedings of Phoenix's Complaint including the Report of Investigation (ROI), dated November 30, 2016
15. Phoenix's Time and Attendance Reports [identified as Phoenix's discoverable documents and US_Prod_1011-1036]
16. Phoenix's pay history
17. EEO Formal Complaint dated August 31, 2016

[DE 121 at 1579-80 (all punctuation, etcetera, from original)].

8

The Court construes Phoenix's filing as a motion to supplement the record under Federal Rule of Appellate Procedure 10(e).[2] Under that rule, a party can move to correct or modify the record on appeal. Fed. R. App. P. 10(e). The rule seeks to ensure that the Court of Appeals has a complete record of the proceedings before the district court. *See United States v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001).

Federal Rule of Appellate Procedure 10 ("Rule 10") provides that the "Record on Appeal" consists of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). Under Rule 10(e)(2), the record may be corrected or modified "[i]f anything material to either party is omitted from or misstated in the record by error or accident. . . ." But "error" and "accident" are the key terms here—Sixth Circuit caselaw makes clear that Rule 10 is not intended to permit a party to "introduce new evidence in the court of appeals." *United States v. Smith*, 344 F.3d 479, 486 (6th Cir. 2003) (citing *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982)); *United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005).

To the extent that Phoenix wishes the record to include documents and evidence already before the Court, no motion or filing is necessary to effectuate such. However, to the extent that Phoenix seeks to add new material not before this Court, Rule 10 is not the proper vehicle. *See Watson v. Metro. Enf't Grp. of S. Illinois*, No. 3:22-CV-2555-JPG, 2023 WL 2711505, at *1 (S.D. Ill. Mar. 30, 2023) (collecting cases).

---

[2] Federal Rule of Appellate Procedure 10(b)(2) provides:
> If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.

This rule does not allow for modification of the record, as Rule 10(e) does.

9

Finally, Phoenix argues that the court should strike part of Defendant's response to her objection to Defendant's bill of costs, because she "did not receive those documents, nor are they part of the record." [DE 126 at 1634]. The documents, declaration exhibits from King and Jones, are part of the record as Defendant's response to Phoenix's objection to Defendant's bill of costs. [DE 125]. Phoenix also cites to Federal Rule of Civil Procedure 7, providing that "replies are 'a single memorandum containing any relevant argument and citations to authorities on which the party relies." [DE 126 at 1634]. Defendant's response complies with this rule. Phoenix thus provides this Court with no basis on which to "eliminate all or a portion of [Defendant's] legal pleading response." [*Id*.].

The Court thus **SUSTAINS** Defendant's objection [DE 124] and Phoenix's Transcript of Evidence [DE 121] is **STRICKEN** from the record.

## IV.   CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1)   Defendant's Motion for Costs [DE 119] is **GRANTED**;

(2)   Plaintiff Gail M. Phoenix **SHALL** pay Defendant its costs to the amount of $3,678.20. Payment to Defendant shall be forwarded to counsel of record within thirty days of the entry of this Order;

(3)   Defendant's objection [DE 124] is **SUSTAINED**;

(4)   Phoenix's Transcript of Evidence [DE 121] is **STRICKEN** from the record.

*Rebecca Grady Jennings, District Judge*
United States District Court
July 7, 2023

Cc:   Counsel of record